UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

BARBARA A. EVANS-GRAY,          )
                                )
                                )
        Plaintiff,               )
                                )
v.                              )       NO. 1:24-cv-0334-TRM-SKL
                                )
                                )
AMAZON.COM SERVICES LLC,        )
                                )
                                )
        Defendant.               )

**REPORT AND RECOMMENDATION**

Before the Court is a motion and application to proceed *in forma pauperis* ("IFP") [Doc. 1] filed by Plaintiff Barbara A. Evans-Gray ("Plaintiff"), who is proceeding pro se in this matter.[1]

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of an application to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*,

---

[1] Plaintiff has submitted a form complaint [Doc. 2] mentioning violations of the Americans with Disabilities Act, Family and Medical Leave Act, Federal Employees' Compensation Act, Title VII of the Civil Rights Act of 1964, and possibly an Equal Employment Opportunity Commission retaliation claim. Plaintiff's IFP application seeming indicates another possible claim, that is a violation of The Fair Employment and Housing Act [Doc. 1, at Page ID # 1]. The complaint has not been screened to determine whether Plaintiff has stated a claim as required by 28 U.S.C. § 1915 if she is authorized to proceed with IFP status.

*Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet to proceed IFP is to show, by affidavit, that she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S. at 339.

Plaintiff's IFP application does not show she is unable to pay the $402.00 filing fee while still affording the necessities of life. While not entirely clear, Plaintiff represents she is currently employed with gross monthly wages of $2,824 and monthly net wages of $1,200. Plaintiff additionally reports receipt of funds amounting to $2,000.00 per month from her self-employment and reports receiving $1,605.00 monthly in Veterans Administration benefits in the last twelve months. Plaintiff reports total monthly income of $4,805.00. Such income should be sufficient to pay the filing fee and still afford reasonable necessities of life. Given that Plaintiff lists her total monthly expenses as $3,556.00, Plaintiff's reported monthly income exceeds her reasonable monthly living expenses by more than $1,000.00 each month. Plaintiff also reports a real estate asset of $370,000.00 with only $161,000.00 owing on her mortgage, and $11,050.00 in other combined debt. Plaintiff also reported she has no dependents.[2] After careful consideration of the provided information, I find Plaintiff can pay the filing fee while still affording the necessities of life.

---

[2] Plaintiff listed expenses for automobile insurance and gasoline but failed to list a vehicle as an asset.

Accordingly, I **RECOMMEND** that the motion and IFP application [Doc. 1] be **DENIED** and that Plaintiff be assessed the filing fee, and a deadline to pay same, if she wishes to pursue this action further.[3]

**ENTER**.

                                                            s/ *Susan K. Lee*
                                                            SUSAN K. LEE
                                                            UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).