# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| BARBARA A. EVANS-GRAY, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:24-cv-334 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| AMAZON.COM SERVICES LLC, | ) | Magistrate Judge Michael J. Dumitru |
| | ) | |
| *Defendant.* | ) | |

## MEMORANDUM & ORDER

Before the Court are Defendant Amazon.com Services LLC's ("Amazon") motion to dismiss (Doc. 27) and motion to strike Plaintiff Barbara Evans-Gray's sur-reply (Doc. 34). For the reasons stated herein, Amazon's motion to dismiss (Doc. 27) is **GRANTED IN PART** and **DENIED IN PART** and motion to strike (Doc. 34) is **GRANTED**.

## I.     BACKGROUND

In December 2021, Plaintiff injured her back. (Doc. 2, at 4.) At that time, Plaintiff worked for Amazon. (*Id.*) Plaintiff alleges that Amazon "placed her on leave" in December 2021 and February 2022. (*Id.*) She claims that her leave in February 2022 was under the Family and Medical Leave Act ("FMLA") and that Amazon fired her while she was on this FMLA leave. (*Id.* at 5.) Plaintiff appealed this termination and was rehired. (*Id.*) Then in March 2023, Amazon notified her that it "could not accommodate [her] in the work place and [she] should continue [her] leave with short-term disability." (*Id.* at 4.) In May 2025, her short-term disability was cut off, and she was sent long-term disability forms. (*Id.*) Plaintiff claims that she "could not receive [long-term disability] because [she] was able to work with accommodations."

(*Id.* at 5.)  Amazon told Plaintiff she would be terminated "if [she] did not request a leave of absence[.]"  (*Id.* at 4.)  Plaintiff claims that she was on leave at Amazon's discretion because they could not accommodate her.  (*Id.*)  On July 13, 2023, Amazon fired her.  (*Id.* at 4–5.)

Plaintiff filed this suit on October 8, 2024, asserting claims against Amazon for violating the Americans with Disabilities Act ("ADA"), FMLA, Federal Employees' Compensation Act ("FECA"), and Title VII.  (*Id.* at 3.)  Amazon filed a motion to dismiss (Doc. 27).  Plaintiff responded to the motion to dismiss (Doc. 29) and filed a sur-reply (Doc. 33).  Amazon moved to strike Plaintiff's sur-reply (Doc. 34).  Both the motion to dismiss and motion to strike are ripe for review.

## II.      STANDARD OF LAW

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 of the Federal Rules of Civil Procedure by filing a motion pursuant to Rule 12(b)(6).  According to Rule 8, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts permit the court to infer "more than the mere possibility of misconduct."  *Id.* at 679.  For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint.  *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  This

assumption of veracity, however, does not extend to bare assertions of legal conclusions, *Iqbal*, 556 U.S. at 679, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful that pro se complaints are liberally construed and are held to less stringent standards than formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). "[L]iberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201

3

F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[*P*]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for pro se litigants is liberal, it requires more than the bare assertion of legal conclusions. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## III. ANALYSIS

### A. Motion to Strike Sur-Reply

Amazon moves to strike Plaintiff's sur-reply brief, arguing that Plaintiff did not obtain leave of Court as required by Local Rule 7.1 and did not provide a basis for supplemental briefing. (Doc. 36, at 2–3.) In response, Plaintiff argues that Amazon's reply advanced arguments it did not make in its motion to dismiss. (Doc. 37, at 1–2.)

Local Rule 7.1(d) provides that, after a motion, an answer, and a reply have been filed, "no additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court" other than supplemental briefs regarding new developments that occurred after the final brief was filed.

Plaintiff's sur-reply specifically addresses arguments Amazon articulated in its motion to dismiss: (1) Tennessee's workers' compensation statute preempts Plaintiff's ADA claims; (2) Plaintiff did not state a claim for FMLA interference and retaliation; (3) Plaintiff failed to state a timely claim under the Tennessee Human Rights Act; and (4) Plaintiff failed to exhaust administrative remedies for her Title VII claim. (*See* Docs. 28, 33.) Plaintiff's sur-reply does not identify any issue or argument Amazon raised for the first time in its reply brief. Plaintiff has not complied with Local Rule 7.1, and, as a result, her sur-reply (Doc. 33) is hereby

**STRICKEN** from the record and will not be considered for the purposes of ruling on Amazon's motion to dismiss.

        **B.**        **Americans with Disabilities Act ("ADA")**

Amazon first argues that the Court should dismiss Plaintiff's ADA claim for failure to accommodate because that claim is preempted by the Tennessee's Workers' Compensation Act ("TWCA"). (Doc. 28, at 4–5.)

TWCA "provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury." *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003) (citation omitted).

TWCA's exclusivity provision, however, does not preempt the ADA. *See Jarrus v. Panera, Inc.*, No. CV 18-13962, 2020 WL 13614808, at *6 (E.D. Mich. Aug. 27, 2020) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995)); *Nippert v. Gen. Elec. Aircraft Engine*, No. 1:04CV703, 2005 WL 8162485, at *2 (S.D. Ohio May 18, 2005) (quoting *Wood v. Cnty. of Alameda*, 875 F. Supp. 659, 662 (N.D. Cal. 1995)) ("[T]he ADA preempts the state [workers' compensation's exclusivity] provision because the provision 'stands as an obstacle to the accomplishment of Congress' purposes and objectives in passing the ADA.'").[1] By passing the ADA, Congress sought:

---

[1] Defendant cites several cases that state that TWCA provides the exclusive remedy for an employee who is injured during the course and scope of his employment. (*See* Doc. 28, at 4–5.) However, these cases address the interplay of TWCA and common law torts. *See Valencia*, 108 S.W.3d at 242 ("Pursuant to this section, workers' compensation law provides the exclusive remedy . . . meaning the employee is precluded from seeking *tort damages* for the injury." (emphasis added)); *Rodgers v. GCA Servs. Grp., Inc.*, No. W2012-01173-COA-R3CV, 2013 WL 543828, at *3 (Tenn. Ct. App. Feb. 13, 2013); *Davis v. Northpoint Senior Servs.*, No. 3:14-CV-106-PLR-HBG, 2016 WL 6078337, at *7 (E.D. Tenn. Mar. 22, 2016). Plaintiff explicitly states

5

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . ." 42 U.S.C. § 12112(a). Further, the ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability" by "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an . . . employee . . . ." 42 U.S.C. § 12112(b).

In this case, Plaintiff's ADA claim is based on the allegation that Amazon failed to provide her a reasonable accommodation after she was injured, that it put her on leave because it could not accommodate her, and that it fired her while she was on the leave due to its inability to accommodate her. (Doc. 2, at 4.) Plaintiffs' claims are not for the injury she suffered, which would be preempted by TWCA. (*Id.* at 4 –5.) Instead, her claims are for the discrimination she experienced due to her disability (*id.*) and go to the heart of Congress's purpose of passing the ADA. As a result, Plaintiff's failure to accommodate and adverse employment claims are not preempted by TWCA.

---

she is not seeking redress for the injuries she incurred while working for Defendant, but rather, her claims are for the alleged discrimination she experienced due to her injury. (Doc. 29, at 3.)

6

### C.      Family and Medical Leave Act

Amazon next argues that Plaintiff fails to state a plausible claim for relief under FMLA's interference or retaliation theories, and that Plaintiff's FMLA claims are time-barred.  (Doc. 28, at 5–7.)

"The FMLA enables employees covered by the Act to take up to twelve weeks of leave per year for various purposes specified in the statute, including the employee's own 'serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Bryson v. Regis Corp.*, 498 F.3d 561, 569 (6th Cir. 2007).  "Under 29 U.S.C. § 2617(c)(1), FMLA actions must be brought not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." *Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014) (citation modified).

Here, Plaintiff alleges that, when she was terminated in February 2022, she was on FMLA leave.  (Doc. 2, at 5.)  She appealed that termination and was subsequently rehired.  (*Id.*)  Since Plaintiff filed this suit in October 2024, Plaintiff's first termination is outside the FMLA's two-year statute of limitations.

Plaintiff also alleges that, when she was terminated on July 13, 2023, she was able to work with accommodations, but Amazon placed her on leave because it could not accommodate her.  (*Id.* at 4–5.)  Plaintiff's complaint does not plead facts that establish her second termination occurred while she was on FMLA leave.  Therefore, Plaintiff's FMLA claims are dismissed.

### D.      Federal Employees Compensation Act

Plaintiff also brings a claim under the FECA.  (*Id.* at 3.)  FECA "was enacted to provide for injuries to Government employees in the performance of their duties." *Turner ex rel. Turner v. Tennessee Valley Auth.*, 859 F.2d 412, 415 (6th Cir. 1988) (quoting *Johansen v. United States*, 343 U.S. 427, 439 (1952)).  Plaintiff does not allege that she is a government employee, but

rather states she was employed by Amazon, a private entity.  (*See generally* Doc. 2.)  Therefore, FECA is inapplicable to Plaintiff, and her claims under FECA are dismissed.

E.      **Title VII**

Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a).  "[A]n employee alleging employment discrimination in violation of [Title VII] must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts."  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010).  A plaintiff "cannot bring claims in a lawsuit that were not included in his EEOC charge."  *Id.*  Plaintiff's "*pro se* [EEOC] complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge."  *Id.* at 362.

Plaintiff's EEOC charges state claims for discrimination and retaliation related to her disability.  (Doc. 32-1, at 2–14.)  The EEOC charges contain no facts that Plaintiff was discriminated due to her race, color, religion, sex, or national origin.  (*See generally id.*)  Since Plaintiff's EEOC charges do not allege any discrimination under Title VII, Plaintiff's Title VII claims are dismissed.

IV.     **CONCLUSION**

For the reasons set forth above, Amazon's motion to dismiss (Doc. 27) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's FMLA, FECA, and Title VII claims are dismissed. Plaintiff's only remaining claims are her ADA claims—failure to accommodate and adverse employment action.  Furthermore, Amazon's motion to strike (Doc. 34) is **GRANTED**; Plaintiff's sur-reply (Doc. 33) is **STRICKEN**.

8

**SO ORDERED.**

/s/ *Travis R. McDonough*

**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

9